UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

WENDY S. MULQUEEN and
BRIAN G. MULQUEEN,

                                Plaintiffs,

v.                                           6:22-CV-1301
                                                           (TJM/ATB)

HERKIMER COUNTY, et al.,

                                Defendants.

---

WENDY S. MULQUEEN, Plaintiff, pro se
BRIAN G. MULQUEEN, Plaintiff, pro se

ANDREW T. BAXTER
United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent to the court for review a complaint brought pursuant to 42 U.S.C. § 1983, filed by husband-and-wife plaintiffs Brian and Wendy Mulqueen. (Dkt. No. 1) ("Compl."). Plaintiffs have also moved to proceed in forma pauperis ("IFP") (Dkt. Nos. 2, 3), and for appointment of counsel. (Dkt. Nos. 4, 5).

**I.**    <u>**In Forma Pauperis ("IFP") Applications**</u>

    **A.**    **Legal Standards**

In order to proceed IFP in federal court, the court must be satisfied by plaintiffs' affidavits that they are unable to pay the "cost of these proceedings." (Dkt. Nos. 2 at 1; 3 at 1); 28 U.S.C. § 1915. " 'The purpose of 28 U.S.C. 1915 is to ensure that litigants will not be deprived of access to the judicial system because of their financial circumstances.' " *Deep v. Boies*, No. 1:09-MC-73, 2010 WL 11526763, at *1 (N.D.N.Y. Mar. 19, 2010) (quoting *Monti v. McKeon*, 600 F. Supp. 112, 114 (D. Conn. 1984)) (citing *Harlem River Consumers Co-op, Inc. v. Associated Grocers of Harlem,*

*Inc.*, 71 F.R.D. 93, 96 (S.D.N.Y. 1976)). Whether to grant an application to proceed IFP rests within the sound discretion of the court. *Id.* (citing *Monti*, 600 F. Supp. at 113). " 'There is surprisingly sparse number of cases which apply the general indigency standards to particular fact situations.' " *Id*. (quoting *In re Koren*, 176 B.R. 740, 744 (E. D. Pa. 1995)).

Section 1915(a)(1) does not set financial guideposts as standards for determining IFP eligibility. The statute provides that IFP status may be granted when the court is satisfied "that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). To make this threshold showing, a plaintiff must demonstrate " 'that paying such fees would constitute a serious hardship on the plaintiff, not that such payment would render plaintiff destitute.' " *Tucker v. United States*, 142 Fed. Cl. 697, 707 (2019) (quoting *Fiebelkorn*, 77 Fed. Cl. 59, 62 (2007)); *Deep*, 2010 WL 11526763, at *1 (quoting *Fiebelkorn*, 77 Fed. Cl. at 62) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). When considering a motion filed pursuant to § 1915(a), " '[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty.' " *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (quoting *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976)) (alteration in original). "Such an affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.* As the Second Circuit has noted, "[n]o party must be made to choose between abandoning a potential meritorious claim or foregoing the necessities of life."

*Potnick v. Eastern State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983)(citing *Adkins,* 335 U.S. at 339).

B. **Application**

In this case, plaintiff Brian Mulqueen states in his application that he is currently employed, that his yearly gross pay is approximately $74,000, and that he receives $878.42 in net pay weekly. (Dkt. No. 3 at 1). Mr. Mulqueen's wife, Wendy Mulqueen, indicates that she is not employed, but appears to receive $650.00 a month in "rent payments, interest, or dividends." (Dkt. No. 2 at 1). The plaintiffs have not identified any debts or financial obligations, and state that they make monthly payments toward their mortgage, car, utilities and food. (Dkt. Nos. 2 at 2; 3 at 2). They further represent that they contribute "full support" to their six children[1] and a 45 year-old "sister." (*Id.*). The plaintiffs state that they have "$0" in cash or in a checking or savings account. (*Id.*).

Based upon the information provided in the plaintiffs' motions, this court is not convinced that plaintiffs are "unable" to pay the filing fee, or that paying a filing fee would pose a "serious hardship" on the plaintiffs. Federal courts often look to federal poverty guidelines to determine whether a plaintiff would be subject to serious hardship if compelled to pay a filing fee. *See, e.g., Andrews v. U.S. Bank Nat'l Ass'n,* No. 3:22-CV-00456, 2022 WL 2287689, at *1 (D. Conn. Apr. 8, 2022) (looking to federal poverty guidelines to determine IFP status); *Fuentes v. United States*, 100 Fed. Cl. 85, 92 (2011) (same). Here, Mr. Mulqueen's gross income of over $70,000 alone places

---

[1]The children's ages are as follows: 4, 7, 11, 13, 18, and 23. (Dkt. Nos. 2 at 2; 3 at 2).

3

the plaintiffs above the federal poverty guidelines for even their purported nine person household.[2] The Annual Update of the Poverty Guidelines promulgated by the Department of Health and Human Services most recently set the poverty guidelines for a family of nine in the 48 contiguous States at $51,350.[3] Accordingly, the plaintiffs have not established on this record that paying the filing fee would present them with a choice "between abandoning a potential meritorious claim or foregoing the necessities of life." *Potnick*, 701 F.2d at 244. The court thus recommends that the district court dismiss plaintiffs' complaint without prejudice if they do not submit the filing fee within thirty (30) days of the filing date of this Report-Recommendation and Order.[4]

## II.   Appointment of Counsel

### A.   Legal Standards

There is no right to appointment of counsel in civil matters. *Burgos v. Hopkins*, 14 F.3d 787, 789 (2d Cir. 1994). Title 28 of United States Code Section 1915 specifically provides that a court may request an attorney to represent any person "unable to afford counsel." 28 U.S.C. § 1915(e)(1). Appointment of counsel must be done carefully in order to preserve the "precious commodity" of volunteer lawyers for

---

[2] "In assessing an application to proceed in forma pauperis, a court may consider the resources that the applicant has or 'can get' from those who ordinarily provide the applicant with the 'necessities of life,' such as 'from a spouse.' " *Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) (quoting *Williams v. Spencer*, 455 F. Supp. 205, 208-09 (D. Md. 1978)).

[3] *See* https://www.federalregister.gov/documents/2022/01/21/2022-01166/annual-update-of-the-hhs-poverty-guidelines.

[4] A decision to deny IFP status is typically regarded as dispositive. *Abreu v. Lira*, No. 9:12-CV-1385(NAM/DEP), 2014 WL 4966911, at *2 n.1 (N.D.N.Y. Sept. 30, 2014) (citing *Kiobel v. Millson*, 592 F.3d 78, 92 (2d Cir. 2010)). Accordingly, the court has recommended to the District Court denial of plaintiff's application for IFC status.

4

those litigants who truly need a lawyer's assistance. *Cooper v. A. Sargenti, Inc.*, 877 F.2d at 172-73.

Courts cannot utilize a bright-line test in determining whether counsel should be appointed on behalf of an indigent party. *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Instead, a number of factors must be carefully considered by the Court in ruling upon such a motion. As a threshold matter, the Court should ascertain whether the indigent's claims seem likely to be of substance. If so, the Court should then consider:

> The indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)). This is not to say that all, or indeed any, of these factors are controlling in a particular case. Rather, each case must be decided on its own facts. *Velasquez v. O'Keefe*, 899 F. Supp. 972, 974 (N.D.N.Y. 1995) (citing *Hodge*, 802 F.2d at 61).

**B.    Analysis**

As previously set forth, plaintiffs have not established that they qualify for IFP status based on the record presently before this court. For those same reasons, the court is not convinced that plaintiffs have established entitlement to the appointment of counsel on the basis of indigency, pursuant to 28 U.S.C. § 1915(e)(1).

Moreover, this action was only recently commenced, and the only facts upon

5

which this court may base its decision as to whether this lawsuit is of substance are the facts stated in plaintiffs' complaint. Even if the court had granted plaintiffs' IFP status and allowed this case to go forward, where there are merely unsupported allegations, the moving party does not meet the first requirement imposed by the Second Circuit for appointment of pro bono counsel. *See Harmon v. Runyon*, No. 96 Civ. 6080, 1997 WL 118379 (S.D.N.Y. Mar. 17, 1997); *see also Creach v. Doe*, No. 1:20-CV-199 (DNH/CFH), 2020 WL 4721434, at *8 (N.D.N.Y. June 16, 2020), *report and recommendation adopted*, 2020 WL 4698507 (N.D.N.Y. Aug. 12, 2020) ("Where a plaintiff does not provide a Court with evidence, as opposed to mere allegations, relating to his claims against the defendants, he does not meet the first requirement imposed by the Second Circuit relative to application seeking appointment of counsel."). Thus, the court will deny appointment of counsel at this time, without prejudice.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that plaintiffs' motions to proceed IFP (Dkt. Nos. 2, 3) be **DENIED,** and that the district court dismiss the plaintiffs' complaint without prejudice if they do not submit the filing fee within thirty (30) days of this Report-Recommendation and Order, and it is

**ORDERED**, that plaintiffs' motions for appointment of counsel (Dkt. Nos. 4, 5) are **DENIED WITHOUT PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such

objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: January 13, 2023

Andrew T. Baxter
U.S. Magistrate Judge