UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

WENDY S. MULQUEEN and
BRIAN G. MULQUEEN,

                              **Plaintiffs,**

v.                                                                   6:22-CV-1301

HERKIMER COUNTY, *et al.*,

                              **Defendants.**
_____

THOMAS J. McAVOY,
Senior United States District Judge

## DECISION and ORDER

**I.    INTRODUCTION**

The Clerk of the Court sent husband-and-wife plaintiffs Brian and Wendy Mulqueen's *pro se* complaint brought pursuant to 42 U.S.C. § 1983, Dkt. No. 1, to the Hon. Andrew T. Baxter, United States Magistrate Judge, for review. *See* January 13, 2023 Order and Report-Recommendation, Dkt. No. 9, at 1.  Plaintiffs also moved to proceed *in forma pauperis* ("IFP")*, see* Dkt. Nos. 2, 3, and for appointment of counsel. *See* Dkt. Nos. 4, 5.  Judge Baxter recommended that plaintiffs' motions to proceed IFP be denied, and that the Court dismiss the plaintiffs' complaint without prejudice if they did not submit the filing fee within thirty (30) days of the Order and Report-Recommendation.  Dkt. No. 9 at 6.  Judge Baxter also denied without prejudice plaintiffs' motions for appointment of counsel. *Id.*

Plaintiff Wendy Mulqueen filed an objection to Judge Baxter's IFP recommendation. *See* Dkt. No. 10 at CM/ECF p. 1.  She asserts:

1

> The purpose of 28 U.S.C 1915 is to ensure the litigants will not be deprived of access to the judicial system because of financial circumstances. The plaintiff must demonstrate that paying such fees would constitute a serious hardship. Plaintiffs have attached documentation supporting claims [sic]. The plaintiffs contribute full support to their seven children, one of which [sic] is disabled and a sister who is also disabled. Due to the income received by plaintiffs and the number of dependents this would leave plaintiffs with the choice between abandoning a potential meritorious claim or forgoing the necessities of life.

*Id.* [1]

## II.   STANDARD OF REVIEW

When objections to a magistrate judge's report and recommendation are lodged, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1). The objections must be specific to the magistrate judge's proposed findings and recommendations. *Cf.* Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file *specific* written objections to the [magistrate judge's] proposed findings and recommendations.")(emphasis added); N.D.N.Y. Local Civil Rule 72.1(c) (written objections to a magistrate's report and recommendation must "*specifically* identify the portions of the proposed findings, recommendations, or report to which it has an objection and the basis for the objection")(emphasis added); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir.1997)(The Court must make a *de novo* determination to the extent that a party makes specific objections to a magistrate's findings.); *Molefe v. KLM Royal Dutch Airlines*, 602 F.Supp.2d 485, 487 (S.D.N.Y. 2009)("Objections to a Report must be specific and clearly aimed at particular findings in the magistrate judge's

---

[1] The arguments and information provided by Wendy Mulqueen addressed to the substantive merits of plaintiffs' claims does not alter the IFP determination here, which is based upon the plaintiffs' combined financial ability to pay the filing fee.

proposal."). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).  "[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp.2d 333, 340 (S.D.N.Y. 2009)(interior quotation marks and citations omitted).

General or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error. *Farid v. Bouey*, 554 F. Supp. 2d 301, 306 n. 2 (N.D.N.Y. 2008); *see Fisher v. Miller*, No. 9:16-CV-1175 (GTS/ATB), 2018 WL 3854000, at *3 (N.D.N.Y. Aug. 14, 2018)("[W]hen an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a clear error review."). Similarly, "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke *de novo* review." *Vega v. Artuz*, No. 97 Civ. 3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept.30, 2002).  "A decision is 'clearly erroneous' when the Court is, 'upon review of the entire record, [ ] left with the definite and firm conviction that a mistake has been committed.'" *DiPilato*, 662 F. Supp. 2d at 339–40 (quoting *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006)).

After reviewing the report and recommendation, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b).

## III. DISCUSSION

Wendy Mulgreen's objection is general and conclusory, and not directed to Judge Baxter's particular findings on the IFP assessment. Rather, it is an attempt to engage the Court in the rehashing of the same arguments in plaintiffs' IFP motions. Thus, the Court examines Judge Baxter's IFP recommendation for plain error, and, for reasons discussed below, finds none.

Judge Baxter reviewed plaintiffs' income and expenses as represented in their sworn IFP applications. *See* Ord. & Rep. Rec. at 3-4. As Judge Baxter indicated, plaintiff Brian Mulqueen states that he is currently employed, that his yearly gross pay is approximately $74,000, and that he receives $878.42 in net pay weekly. *Id.* at 3. Wendy Mulqueen indicates that she is not employed, but appears to receive $650.00 a month in "rent payments, interest, or dividends." *Id.* Judge Baxter also correctly indicates that plaintiffs have not identified any debts or financial obligations, and state that they make monthly payments toward their mortgage, car, utilities, and food. *Id.* Judge Baxter acknowledges that plaintiffs represent that they contribute "full support" to their six children[2] and a 45 year-old "sister," and state that they have "$0" in cash or in a checking or savings account. *Id.*

---

[2] As Judge Baxter's states, the record reflects that the children's ages are 4, 7, 11, 13, 18, and 23. Ord. & Rep-Rec., at 3, fn. 1.

4

Based upon the information provided in plaintiffs' IFP applications, Judge Baxter concluded that plaintiffs did not establish that they are unable to pay the filing fee, or that paying a filing fee would pose a serious hardship on the plaintiffs. *See id.* In reaching this conclusion, Judge Baxter looked to federal poverty guidelines federal courts often use to determine whether a plaintiff would be subject to serious hardship if compelled to pay a filing fee. *Id.* (citations omitted). Doing so, Judge Baxter noted that "Mr. Mulqueen's gross income of over $70,000 alone places the plaintiffs above the federal poverty guidelines for even their purported nine person household. The Annual Update of the Poverty Guidelines promulgated by the Department of Health and Human Services most recently set the poverty guidelines for a family of nine in the 48 contiguous States at $51,350." *Id.* at 3-4 (footnotes omitted).[3] Judge Baxter correctly concluded that "the plaintiffs have not established on this record that paying the filing fee would present them with a choice 'between abandoning a potential meritorious claim or foregoing the necessities of life.'" *Id.* at 4 (quoting *Potnick v. Eastern State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983)).

Be that as it may, and recognizing that plaintiffs proceed *pro se*, there is some information provided with the objection that gives the Court pause in adopting Judge Baxter's IFP recommendation. This information, the majority of which appears to have existed on December 2, 2022 when plaintiffs submitted their IFP applications, calls into question the accuracy of plaintiffs' representations in their IFP applications. For

---

[3] The Annual Update of the Poverty Guidelines promulgated by the Department of Health and Human Services has subsequently been updated, setting the 2023 poverty guidelines for a family of nine in the 48 contiguous States at $55,700. *See* https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines. This update does not change Judge Baxter's conclusion as Mr. Mulqueen's gross income of over $70,000 alone places the plaintiffs above the federal poverty guidelines for their purported nine person household.

example, Wendy Mulqueen presents a National Grid utility bill in her sister's name for the period of October 26, 2022 to November 28, 2022 for plaintiffs' residential address. *See* Dkt. No. 10 at CM/ECF p. 5.  This shows then-current charges of $1151.68, with a total amount due (including a previous balance) in the amount of $5972.93. *Id.*  Wendy Mulqueen does not explain why these charges were not presented in the applications for IFP status, nor does she explain why she and her husband each represented that their regular monthly utility expenses were $500.00. *See* Dkt. No. 2 ¶ 6; Dkt. No. 3 ¶ 6.

      Wendy Mulqueen also presents a November 16, 2022 "Mortgage Statement" addressed to her and Joseph A. Alfieri at plaintiffs' residential address showing an "amount due" as of December 1, 2022 of $16,515.74. *See* Dkt. No. 10 at CM/ECF p. 2. Wendy Mulqueen does not explain what portion of this debt, if any, she is responsible for, nor does she explain why plaintiffs stated in their IFP applications that their monthly mortgage payment was $ 2027.00 but left blank the portion of the application asking for "debts or financial obligations." *See* Dkt. No. 2,  ¶¶ 6, 7*;* Dkt. No. 3,  ¶¶ 6, 7.

      Wendy Mulqueen also asserts in her objection that she and her husband "contribute full support to their seven children, one of which [sic] is disabled and a sister who is also disabled," but she does not explain why she and her husband each stated in their IFP applications that they contribute support to six children and a sister. *See* Dkt. No. 2 ¶ 7; Dkt. No. 3 ¶ 7.   Further, the documentation presented with the objection appears to show that plaintiffs represented on an undated Form 1040 Individual Tax Return that they have eight dependent children. *See* Dkt. No. 10 at CM/ECF pp. 11-12.[4]

---

[4] This document also has handwritten on the bottom: "Michelle A. Alfieri, Sister." Dkt. No. 10 at CM/ECF p. 12.

One of the documents provided by Wendy Mulqueen is Brian Mulqueen's 2021 W-2 Wage and Tax Statement showing wages, tips, or other compensation in the amount of $45,608.59. *See* Dkt. No 10 at CM/ECF p. 8.  Another document shows that on October 3, 2022, Brian Mulqueen was receiving $504 a week in New York State Unemployment Insurance Benefits.  *See id.* at CM/ECF p. 15.   Wendy Mulqueen does not explain why Brian Mulqueen stated in his December 2, 2022 IFP application that "gross pay or wages are: $1436.40, and take-home pay or wages are: $878.42 per week." Dkt. No. 3 at CM/ECF p. 1.  Some of the other documents submitted with the objection appear intended to supplement or amend the information contained in plaintiffs' IFP applications.  *See*, *e.g.*, Dkt. No 10 at CM/ECF pp. 3-4, 6-7, 9-10, 39.

Judge Baxter cannot be faulted for failing to consider what was not presented to him, and the Court declines to consider this information for purposes of *de novo* review. *See Monroe v. Kocienski*, No. 9:17-CV-1050 (GTS/DEP), 2019 WL 409412, at *2 (N.D.N.Y. Feb. 1, 2019)(On *de novo* review, "a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.")(citing*, inter alia*, *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") (internal quotation marks and citations omitted); *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the

magistrate")); *see also Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted)). However, in the interest of compiling a complete and accurate record of plaintiffs' financial status, the Court will recommit the matter to Judge Baxter with instructions to allow plaintiffs to submit updated, accurate, and complete IFP applications. To do so, plaintiffs are each to complete and submit form "AO 239 (Rev. 01/15) Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)." *See* https://www.uscourts.gov/sites/default/files/ao239_1.pdf. Their failure to do so will cause the Court to determine plaintiffs' IFP applications on the record submitted to Judge Baxter.

## IV.     CONCLUSION

After reviewing Judge Baxter's January 13, 2023 Order and Report-Recommendation, Dkt. No. 9, and Wendy Mulqueen's objection, Dkt. No. 10, the Court recommits the matter to Judge Baxter with instructions to allow plaintiffs to submit updated, accurate, and complete IFP applications. To do so, plaintiffs are each to complete and submit, within two weeks of this Decision and Order, form "AO 239 (Rev. 01/15) Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)."[5]  The Clerk of the Court is directed to supply plaintiffs with two (2) copies of this form with this Decision and Order.  Should plaintiffs fail to complete and submit these forms within two weeks of this Decision and Order, and should plaintiffs fail to pay the

---

[5] https://www.uscourts.gov/sites/default/files/ao239_1.pdf

filing fee within two weeks of this Decision and Order without submitting these forms, plaintiffs' complaint, Dkt. No. 1, will be dismissed without prejudice for the reasons stated by Judge Baxter.

**IT IS SO ORDERED.**

Dated:  June 13, 2023

Thomas J. McAvoy
Senior, U.S. District Judge