UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

WENDY S. MULQUEEN and
BRIAN G. MULQUEEN,

                                  Plaintiff,    6:22-CV-1301 (BKS/MJK)

v.

HERKIMER COUNTY CHILD PROTECTIVE
SERVICES, et al.,

                                  Defendants.

---

**Appearances:**

*Plaintiffs pro se:*
Wendy S. Mulqueen
Brian G. Mulqueen
Dolgeville, NY 13329

**Hon. Brenda K. Sannes, Chief United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I.  INTRODUCTION**

Husband-and-wife Plaintiffs Brian and Wendy Mulqueen commenced this action *pro se* pursuant to 42 U.S.C. § 1983. (Dkt. No. 1) ("Compl."). Plaintiffs' allegations stem from an investigation of child abuse claims by defendant Herkimer County Child Protective Services ("CPS") and its employees. (*Id.*). Plaintiffs allege that during this investigation, CPS workers took Plaintiffs' sixteen-year-old daughter, I.M., and their grandson, G.J., out of Plaintiffs' home over Plaintiffs' objection and without an emergency hearing, warrant, court order or due process; that Defendants placed I.M. and G.J. in an inappropriate home; that Defendants "intentionally prevented the Plaintiffs from seeing or having contact with IM and G.J."; that Defendants failed to provide medical information "with I.M. being pregnant at the time"; that Defendants

interfered with plaintiffs' ability to file police reports concerning I.M.'s status; and that Defendants "prevented plaintiffs from filing a statutory rape charge against I.M.'s adult boyfriend." (*Id.*). Plaintiffs also contend that Defendants "falsified documentation and information to the court . . . . [and] exaggerated falsified information." (*Id.*).

Plaintiffs allege that Defendants violated Plaintiffs' rights under the First, Fourth, and Fourteenth Amendments. (Compl. at 4-6). In their prayer for relief, Plaintiffs request an "investigation into the defendants . . . for violating the civil rights of parents in Herkimer County to prevent this from happening to other families." (Compl. at 6). Plaintiffs ask the court to "hold the defendants . . . accountable for their actions[,]" and "prevent defendants . . . from falsifying information/documentation and illegally detaining or taking children from their families." (*Id.*). Plaintiffs additionally seek $500,000.00 in damages. (*Id.*).

In an August 2, 2023 Order and Report-Recommendation, the Hon. Andrew T. Baxter, United States Magistrate Judge, granted plaintiffs' *in forma pauperis* application, and, after review of the allegations in the Complaint under 28 U.S.C. § 1915 (e)(2)(B)(i)-(iii), recommended that: Plaintiffs' Fourteenth Amendment due process claims proceed as against defendants Michelle Coddington and Ashley DiFlillippo; Plaintiffs' claims for injunctive and/or declaratory relief be dismissed without prejudice but without leave to amend in this Court; Plaintiffs' Fourth Amendment claims based on the removal of I.M. and G.J. from their home[1] be dismissed with prejudice; the remainder of the complaint be dismissed without prejudice; if the District Court approves the recommendations, the Court afford Plaintiffs forty-five (45) days from the date of its order within which to file a proposed amended complaint for the Court's

---

[1] The Court, like Magistrate Judge Baxter, construes the Fourth Amendment claim as a challenge to the removal of I.M. and G.J. from their home. To the extent Plaintiffs seek to base a Fourth Amendment claim on any other alleged search or seizure, Plaintiffs may seek to raise such a claim in an amended complaint.

2

review; if Plaintiffs fail to file a proposed amended complaint, the case be returned to the Magistrate Judge[2] to prepare service orders on the remaining Defendants; and, that if Plaintiffs file a proposed amended complaint within the applicable deadline, the court send the case to the Magistrate Judge for an initial review. (*Id.*).

Plaintiffs did not file objections to Magistrate Judge Baxter's recommendations.

## II.   DISCUSSION

As no objection to the Report-Recommendation has been filed, and the time for filing objections has expired, the Court reviews the Report-Recommendation for clear error. *See Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment. Having reviewed the Report-Recommendation for clear error and found none, the Court adopts the Report-Recommendation for the reasons stated therein.

## III.   CONCLUSION

The Court **ACCEPTS and ADOPTS** Magistrate Judge Baxter's August 2, 2023 Report-Recommendation, (Dkt. No. 18), in its entirety.  Accordingly, it is hereby

**ORDERED** that Plaintiffs' Fourteenth Amendment due process claims may proceed as against defendants Michelle Coddington and Ashley DiFlillippo; and it is further,

**ORDERED** that Plaintiffs' claims for injunctive and/or declaratory relief are **DISMISSED WITHOUT PREJUDICE, BUT WITHOUT LEAVE TO AMEND**; and it is further,

---

[2] On January 5, 2024, the undersigned reassigned magistrate judge duties in this case to the Hon. Mitchell J. Katz. (Dkt. No. 19).

**ORDERED** that Plaintiffs' Fourth Amendment claims based on the removal of I.M. and G.J. from Plaintiffs' home are **DISMISSED WITH PREJUDICE**; and it is further,

**ORDERED** that the remainder of the complaint is **DISMISSED WITHOUT PREJUDICE**; and it is further,

**ORDERED** that Plaintiffs are given forty-five (45) days from the date of this order within which to file a proposed amended complaint for the Court's review or ask for a reasonable extension of time to do so;[3] and it is further

**ORDERED** that if Plaintiffs fail to file a proposed amended complaint by the assigned date or by any date extended by the Court, the case be presented to Magistrate Judge Katz to prepare service orders on the remaining defendants; and it is further,

**ORDERED** that if Plaintiffs file a proposed amended complaint within the applicable deadline, the Clerk send it to Magistrate Judge Katz for an initial review.

**IT IS SO ORDERED.**

Dated: February 23, 2024

Brenda K. Sannes
Chief U.S. District Judge

---

[3] Any amended complaint must be a complete and separate pleading. Plaintiffs must state all of their claims in the amended complaint and may not incorporate by reference any part of their original complaint.